UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Benjamin Dilks<br><br>                      Plaintiff,<br><br>    v.<br><br>City of Thompson's Station, a Tennessee municipal corporation<br><br>                      Defendant. | Case No. _____ |

# VERIFIED COMPLAINT

1. Plaintiffs bring this complaint against the Defendant the City of Thompson's Station (the "Defendant") and alleges that certain provisions of the Land Development Ordinance (the "LDO") dealing with the time and placement of campaign signs is unconstitutional under the First and Fourteenth Amendments. The LDO is attached hereto as Exhibit A.

## INTRODUCTION

2. Plaintiff is a resident who lives in Thompson's Station and wishes to participate in the political process by placing certain yard signs advocating for political candidates outside of his residence. Plaintiff is also a current candidate for the Board of Mayor and Alderman in Thompson's Station and is a current member of the Thompson's Station Planning Commission, a position he occupies as a result of appointment by the Board of Mayor and Alderman. His appointment on the Planning Commission expires in December of 2016. Under the LDO, Plaintiff is not permitted to place campaign signs outside of his residence or post other campaign signs advocating for his election "earlier than 45 days prior to the election to which [such sign] pertains." This restriction is unconstitutional under the First and Fourteenth Amendments.

3. Plaintiff seeks nominal damages, a declaration that Section 4.17.4(e)(ii) of the LDO is unconstitutional, a temporary and permanent injunction preventing the Defendants from enforcing the LDO and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (1) Defendant has their official residences in this district; (2) a substantial part of the events or omissions giving rise to the claims occurred in this district; and (3) Defendant is subject to the

Court's personal jurisdiction because Defendants are a municipal corporation that is located within this district and/or live and reside in this jurisdiction.

## PARTIES

6.	Plaintiff Ben Dilks is a resident of Thompson's Station and owns the residence located at 2013 Callaway Park Place, Thompson's Station TN, -37179.

7.	Defendant City of Thompson's Station is a Tennessee municipal corporation. Thompson's Station is subject to suit pursuant to 28 U.S.C. § 1983 as a result of being the city government responsible for passing and enforcing the LDO. Thompson's Station may be served through its executive officer, Corey Napier who is the Town Mayor.

## FACTUAL BACKGROUND

8.	In September of 2015 Thompson's Station passed the Land Development Ordinance ("LDO"). The upcoming November 8, 2016 election is the first major election held under the current LDO. The LDO is extremely broad and covers a sweeping breadth of regulations including those related to subdivisions, zoning, and general administration. Of particular note to the present lawsuit is Section 4.17 which establishes Sign Standards for Thompson's Station.

9.	Under Section 4.17.1, a sign permit is necessary to display a sign. To obtain a sign permit requires a burdensome process which requires the filing of the following with the Defendant prior to erecting any sign: 1) a drawing to scale of the proposed sign; 2) a site plan showing the location of all proposed signs; 3) consent of the property owner; 4) a master site plan; 5) a sign packet showing proposed signage for each tenant space or suite; and 6) a fee.

10.	Section 4.17.4 provides an exhaustive list of what kinds of signs are exempted from the burdensome sign permitting process. In relevant part, Section 4.17 provides the following:

**4.17.4 Exempt Signs**

The following signs are exempt from obtaining a sign permit:

    a. Memorial signs and tablets displayed on public property or in cemeteries.

    b. Address numerals and signs bearing the same name of occupants of the premises not exceeding one (1) square foot in area.

    c. Legal notices.

    d. Traffic and parking signs which bear no advertising.

    e. Campaign signs.
        i. The sign may not exceed 32 square feet.
        ii. The signs shall not be erected or displayed earlier than 45 days prior to the election to which they pertain.

    f. Real estate signs.
        i. Only one (1) real estate sign located on-site may be located adjacent to each separate street frontage of a lot and one "open house" sign when appropriate.
        ii. The sign shall be removed within seven (7) days after a deed has been recorded for the sale, or a lease signed for the rental, or lease of the property.

    g. Temporary construction signs.

    h. Hand held signs.

    i. Seasonal decorations.

11. On its plain terms the LDO limits campaign signs for election-themed signs to 45 days preceding an election. A campaign sign is defined within the LDO as "[a] sign that is designed to influence the passage or defeat of any measure on a ballot or to influence voters with respect to the nomination, election, defeat, or removal of a candidate from public office at any national, state or local election."

12. In addition to the sign application process outlined above, Section 4.17.2 of the LDO places various conditions on sign permits. Importantly for the suit here, Section 4.17.2(e)

states that "[y]ard signs are limited to advertisements of home occupations." Taken together, the exemption provided in Section 4.17.4(e) and the condition outlined in Section 4.17.2(e) establish that campaign yard signs are not permitted except for the period of 45 days preceding an election.

13. As can be seen from the quoted Section 4.17.4 above, numerous other signs are permitted to be displayed all year round and are not subject to the 45 day election window restriction. For example, if Plaintiff wanted to continue to post his election signs on November 9, 2016 (or the day after the upcoming election), he could not do so. However, if Plaintiff wanted to post a sign that said "Merry Christmas" or "Property For Sale" or "Park Here" he could do so without running afoul of the LDO.

14. Even if Plaintiff could display a campaign sign after satisfying the permitting requirements of Section 4.17.1, the practical effect of the LDO would be that no campaign signs can be displayed outside of 45 days from an election. Candidates for office could not satisfy the onerous permitting process for every sign that candidate wished to display, especially given the need to display hundreds of signs needed to run a successful campaign. This has the practical effect of limiting the ability of candidates for office like Plaintiff from engaging in the political process by allowing such candidates to get their names out in the community, which is an important part of running in local elections, during all times relevant to an election.

15. More importantly, because in Tennessee, there is more than 45 days between our primary elections and our general elections, a candidate in a contested primary would be required to remove signs after the primary election and wait to put them up again once the 45 day window commenced. This is particular onerous to those candidates who must participate in both a primary and a general election.

16. Failure to post signs in compliance with the LDO subjects individuals to fines for violating the LDO. This is not theoretical in this instance. Prior to the 45 day election period, Plaintiff and another candidate for the Board of Mayor and Alderman displayed campaign signs and were brought before the Board of Zoning Appeals to defend their conduct. Although no fines were issued in this instance, Plaintiff was directed to follow the LDO in the future. Plaintiff requested that the Defendant cease enforcing the LDO given its constitutional implications, but the Defendant refused.

17. Plaintiff reasonably believes that on November 9, 2016, should he want to continue to display his campaign signs, he will either be fined, be required to obtain a sign permit, or be subject to confiscation of his signs by the Defendant. As a practical matter, Plaintiff then is required to begin collecting his signs well in advance of the completion of the November 8, 2016 election as he has numerous signs around Thompson's Station and as a practical matter likely could not find, locate, and take down all of these signs immediately after the polls closed.

## CAUSES OF ACTION

### COUNT I

**(Claim Under 42 U.S.C. § 1983 That Section 4.17.4 Of The LDO Is Unconstitutional Under The First and Fourteenth Amendments)**

18. Plaintiff realleges, restates, and incorporates by reference the allegations made in paragraphs 1-13 above.

19. The First Amendment, made applicable to states by the Fourteenth Amendment, prohibits undue restraints on Plaintiff's freedom of speech.

20. Section 4.17.4(e) is a content-based restriction on speech that places greater restrictions on Plaintiff's political speech than on other types of speech and that is not narrowly drawn to achieve a compelling government interest.

21. Section 4.17.4(e) discriminates against signs bearing political speech by placing time and durational limitations on campaign signs and/or imposing a sign permitting process that is not imposed on other types of speech containing non-political speech.

22. Plaintiff desires to express his political views by placing in his yard a sign advocating for the election of himself and to have his supporters display such signs without fear that he or they would be fined for doing so.

23. Under 42 U.S.C. § 1983, Plaintiffs are entitled to a declaration that Section Section 4.17.4(e)(ii) is unconstitutional and an injunction prohibiting Defendants from enforcing the law.

## PRAYER FOR RELIEF

24. WHEREFORE, respectfully request that the Court:

   a. That service of process be had upon Defendant and that Defendant be required to appear and answer this complaint within the time prescribed by law;

   b. Temporarily and permanently enjoin the Defendant from enforcing Section 4.17.4(e)(ii) of the LDO;

   c. Declare Section 4.17(e)(ii) of the LDO unconstitutional;

   d. Award Plaintiff nominal damages, for the deprivation of his constitutional rights during the period in which his constitutionally protected speech was chilled because of Section 4.17(e)(ii).

   e. Grant Plaintiff litigation expenses, costs of suit, and reasonable attorney's fees as provided by law, including but not limited to, pursuant to 42 U.S.C. § 1988; and

    f.    Grant to Plaintiff such other or further relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Dated: November 7, 2016                 Respectfully submitted,

                                          By: s/ Benjamin A. Gastel_____
                                          J. Gerard Stranch, IV (BPR #23045)
                                          Benjamin A. Gastel (BPR #28699)
                                          Michael J. Wall (BPR #24774)
                                          BRANSTETTER, STRANCH & JENNINGS PLCC
                                          223 Rosa L. Parks Avenue, Suite 200
                                          Nashville, TN 37203
                                          (615) 254-8801
                                          gerards@bsjfirm.com
                                          beng@bsjfirm.com
                                          mikew@bsjfirm.com

                                          *Attorneys for Plaintiff*

005175/16329/00405645-8

788764 V1 Case 3:16-cv-02845     Document 1     Filed 11/07/16     Page 8 of 9 PageID #: 8

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that paragraphs 1-17 of this Verified Complaint are true and correct to the best of his knowledge, information, and belief.

Executed on November 7, 2016.

Benjamin Dilks